WILLIAM G. CONGDON *v*. DAVID A. BROWN.

A misnomer, in a notice to quit, of the street in which the tenement is situated, will not avoid the notice, where it appears that the tenant was not misled by the error of description.

THIS was an action of trespass and ejectment, brought by a landlord against his tenant, at a special Court of Common Pleas holden at Providence on the 14th day of September, 1860, to recover possession of the lower story of house No. 235 Friendship street, Providence, which the declaration alleged was demised by the plaintiff to the defendant on the 5th day of August, 1860, by lease parol, for the term of one month, and which the defendant held over his term.

At the trial of the case before Mr. Justice Shearman, the letting of the tenement was found as alleged in the declaration. The notice to quit, served on the 17th day of August, 1860, received by the court in evidence, notwithstanding the objection of the defendant, was as follows :—

"PROVIDENCE, Aug. 16th, 1860.

" DAVID A. BROWN :—

Sir,—You are hereby notified to quit the premises belonging to me, and occupied by you, situate on *Pine* street, No. 235, at the termination of your present month's hiring, to wit, on the 5th day of September; A. D. 1860.

WILLIAM G. CONGDON,
*By his att'ys, Ballou & Brownell.*"

It being further proved, that the defendant had never hired or occupied any other tenement of the plaintiff than that described

in the declaration, and that the next day after the service of the above notice to quit, the defendant called upon the plaintiff's agent, and said, that he had received the notice, but should not go out, because he had made a new contract of hiring the premises, personally, with the plaintiff, different from the one made by him with said agent, the court held the notice, notwithstanding the misnomer in it of the street on which the tenement was situated, to be sufficient, and gave judgment for possession to the plaintiff; to which ruling the defendant having excepted, now brought his exception to this court for the correction of the error of law therein set forth.

*Jos. A. Scott, for the defendant,* cited Revised Statutes, chapter 205, section 5, and insisted, that the notice was null, on account of its deficient and incorrect description of the tenement; not stating the town, nor, correctly, the street in which the tenement was situated.

*Brownell, for the plaintiff.*

The notice to quit is dated at Providence. It requires the defendant to quit the premises belonging to the plaintiff; and it was proved that the defendant had never hired or occupied any other tenement than that described in the declaration, situated in Friendship street, Providence. The defendant was not misled by the mistake of the name of the street in the notice, but, as appeared from his admission, knew perfectly well that it applied to the tenement sued for. Taylor on Landlord and Tenant, § 483, p. 316; *Doe on the demise of Cox and others,* 4 Esp. 185.

BOSWORTH, J. The exception in this case is to the ruling of the court, by which the plaintiff was permitted to put in evidence a certain notice given by him to the defendant, to quit a certain tenement. The notice was in writing, and in the terms following, viz. :—

"PROVIDENCE, Aug. 16, 1860.

" Sir,—You are hereby notified to quit the premises belonging to me and occupied by you, situate on Pine street, No. 235, at the termination of your present month's hiring, to wit, on the fifth day of September, A. D. 1860.

WILLIAM G. CONGDON,
*By his attorneys, Ballou &. Brownell."*

The premises from which the defendant was sought to be ejected were, in fact, situate upon. Friendship street, and not upon Pine street, in the City of Providence. The ground on which it is contended that the paper was inadmissible is, the error in the statement of the location of the premises. It appears by the certificate of the judge that the notice was duly served in proper time; that the hiring was by the month; and that the defendant had, for several months, occupied the premises described in the declaration; that he never, at any time, had occupied any other premises of the plaintiff; and that, on the next day after the notice was proved to have been served, the defendant acknowledged that he had received the notice, but said he should not move.

The law requires a notice in writing. No particular form is necessary. It should be reasonably certain,—such as to appear to be a notice to quit, given by the landlord, and received by the tenant, and in such terms as may be understood by the tenant. Though there be an error of description, still, if there be enough in the notice to show, with reasonable certainty, that the premises in question were the premises with respect to which the notice was given, and the error is not adapted to mislead, the notice will be deemed sufficient. The object is accomplished, if the tenant is informed, either directly or by necessary implication, that he is required to quit the demanded premises. It was held, in an English case, (12th Ad. and El. 743,) that where the premises were described, as of a wrong parish, the court would, after verdict, hold the error immaterial, as the defendant did not show that he held any other premises of the plaintiff, or that he was misled by the notice. In cases, generally, where notice is required, if notice is substantially given so that the party is fully informed, an error of description which does not mislead, may be disregarded, or may be aided by other proof. In the case of notice of the non-payment of a note, when the notice misdescribes the note in some particular, it has been held that it may be shown, in aid of the error, that there was no other note to which the description contained in the notice could be applied. *Cayuga County Bank* v. *Warden*, 1 Comstock's Rep. (N. Y.) 413.

We think there was no error in the admission of the proof

objected to.   It is evident that notice was given ; that it was received as notice to quit the demanded premises, and that the error of description could not have misled the defendant.   The exception is therefore overruled.